United States District Court
Southern District of Texas

**ENTERED**

March 30, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LUIS  MORALES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:14-CV-1001 |
| | § | |
| ALLSTATE TEXAS LLOYD'S, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is the motion for summary judgment filed by Defendant Allstate Texas Lloyds ("Allstate").[1] Luis Morales ("Plaintiff") did not file a response in opposition. Pursuant to the Local Rules, this Court construes a party's failure to respond as a representation of no opposition.[2] After considering the motion, record, and relevant authorities, the Court **GRANTS IN PART** and **DENIES IN PART** Allstate's motion.

### I.    Background

The following facts are undisputed. On March 29, 2012, a wind and hail storm struck the Rio Grande Valley causing damage to Plaintiff's home.[3] Plaintiff immediately filed a claim with Allstate on March 30, 2012, which was given the claim number 0239996844.[4] On April 6, 2012, an adjuster from Allstate inspected the claim and determined the replacement cost value for the hailstorm damage amounted to be $8,651.90.[5] To pay the claim, Allstate made an initial cash value payment to Plaintiff on April 10, 2012,[6] and further sent a coverage-payment decision

---

[1] Dkt. No. 7 ("Motion").
[2] Local Rule 7.4 of *Local Rules of the United States District Court for the Sothern District of Texas.*
[3] Motion, Exh. A ("Petition") at pp. 2-3. The Petition also lists April 20, 2012 as an alternative date of loss.
[4] Motion, Exh. B ("Claim Diary") at p. 1.
[5] Motion at ¶4; Claim Diary at pp. 5-8; Exh. C.
[6] Motion at ¶4.

letter pursuant to policy number 000936897984.[7] Allstate later provided a recoverable depreciation payment when the repairs were completed on May 1, 2012.[8] Allstate closed the claim on May 1, 2012,[9] and had no further communication with Plaintiff for almost two years.[10]

On April 1, 2014, Correct Claim Public Adjusters ("Correct Claim") sent a letter notifying Allstate that Mr. Morales had retained the firm in relation to the loss investigated in claim number 0239996844.[11] Allstate attempted communication with Correct Claim, but did not receive a response.[12] On May 1, 2014, Allstate sent two letters to Correct Claim and Plaintiff. The first letter gave Plaintiff and Correct Claim notice of the re-closing of the file,[13] and the second alerted them that Allstate expressly reserved all rights and defenses with regards to the claim.[14]

The second letter specifically stated that "any activity on [Allstate's] part by way of investigation, damage determination, or emergency advance payments to [Plaintiff], does not constitute a waiver of [Allstate's] rights."[15] This letter also specified that Allstate reserved the right to deny coverage under the policy because the request came "1 year, 11 months, and 2 days" after the loss was settled on May 1, 2012.[16] Although Allstate fails to attach Plaintiff's policy to its motion,[17] it does quote from the policy in this letter.[18] Plaintiff's policy purportedly

---

[7] Motion, Exh. C.
[8] Motion at ¶4; Claim Diary at p. 9.
[9] Claim Diary at p. 9.
[10] Motion at ¶4; Claim Diary at pp. 8-9.
[11] Motion, Exh. D.
[12] Motion at ¶5; Claim Diary at pp. 10-13.
[13] Motion at ¶5. The letter is listed in the Motion as Exhibit F, however this was not filed. *See* Motion at ¶2.
[14] Motion, Exh. E.
[15] *Id.*
[16] *Id.*
[17] The Motion makes reference to the policy as Exhibit G, however this was not filed. *See* Motion at ¶2.
[18] Motion, Exh. E.

states: "No action can be brought against [Allstate] unless there has been compliance with the policy provisions."[19]

Plaintiff filed the instant lawsuit in state court on November 21, 2014 alleging causes of action for breach of contract, violations of Section 541 of the Texas Insurance Code regarding unfair settlement practices, violations of Section 542 of the Texas Insurance Code regarding prompt payment of claims, breach of the duty of good faith and fair dealing, and common law fraud.[20]

## II.    Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[21]   A fact is "material" if its resolution could affect the outcome of the action,[22] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[23]   As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."[24]

In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[25]   In this showing, "bald assertions of ultimate fact" are insufficient.[26]   Absent a sufficient showing, summary judgment is not warranted, the analysis is ended, and the non-movant need not defend the motion.[27]   On the other hand, the movant is freed from this initial burden on matters for which the non-movant would bear the burden of

---

[19] Id. at p.3.
[20] See Petition.
[21] FED. R. CIV. P. 56(a).
[22] Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc., 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[23] Fordoche, Inc. v. Texaco, Inc., 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[24] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[25] See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
[26] Gossett v. Du-Ra-Kel Corp., 569 F.2d 869, 872 (5th Cir. 1978) (citation omitted).
[27] See Celotex Corp., 477 U.S. at 323.

proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[28]   If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[29]   This demonstration must specifically indicate facts and their significance, and cannot consist solely of "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[30]

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[31]   Thus, although the Court refrains from determinations of credibility and evidentiary weight, the Court nonetheless gives credence to all evidence favoring the non-movant; on the other hand, regarding evidence that favors the movant, the Court gives credence to evidence that is uncontradicted and unimpeachable, but disregards evidence the jury is not required to believe.[32]

Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[33]   Parties may cite to any part of the record, or bring evidence in the motion and response.[34]   By either method, parties need not proffer evidence in a form admissible at trial,[35] but must proffer evidence substantively admissible at trial.[36]

---

[28] See Id. at 323-25; see also Transamerica Ins. Co. v. Avenell, 66 F.3d 715, 718-19 (5th Cir. 1995).
[29] Id.
[30] U.S. ex rel. Farmer v. City of Houston, 523 F.3d 333, 337 (5th Cir. 2008) (citing TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002)).
[31] See Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).
[32] Id.
[33] See FED.R.CIV. P. 56(e).
[34] See FED. R. CIV. P. 56(c).
[35] See Celotex Corp., 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[36] See Bellard v. Gautreaux, 675 F.3d 454, 460 (5th Cir. 2012) ("[T]he evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial").

Finally, because federal jurisdiction is invoked on the basis of diversity of citizenship,[37] this Court, Erie-bound, must adhere to grounds of relief authorized by the state law of Texas.[38] Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals are controlling "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[39]

### a. Summary Judgment Evidence

Neither party has proffered a copy of the policy at issue. Allstate submits a copy of Plaintiff's original petition,[40] the claim diary it maintained on Plaintiff,[41] the April 10, 2012 coverage-payment decision letter sent to Plaintiff,[42] the letter of representation sent by Correct Claim,[43] and the reservation of rights letter sent by Allstate on May 1, 2014.[44]

## III.   Limitations

Allstate's sole basis for seeking summary judgment us that Plaintiff's action is time barred. Thus, the Court is tasked here with determining, as a matter of law, when Plaintiff's causes of action accrued and whether they are time barred. As noted, Plaintiff failed to respond to Allstate's motion for summary judgment; thus, pursuant to Local Rule 7.4 of the *Local Rules of the United States District Court for the Southern District of Texas*, the Court will construe Plaintiff's non-responsiveness as a representation of no opposition. Thus, there is no genuine dispute before the Court regarding the facts and timeline presented. In the analysis below, the Court will first consider whether the evidence establishes when Plaintiff's contractual and extra-

---

[37] *See* Dkt. No. 1 at ¶7.
[38] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[39] *Id.* (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).
[40] Motion, Exh. A.
[41] Motion, Exh. B.
[42] Motion, Exh. C.
[43] Motion, Exh. D.
[44] Motion, Exh. E.

contractual claims accrued. Then, the Court will determine if any of Plaintiff's claims are time barred.

### a. Date of Accrual

The question of when a cause of action accrues is typically a question of law.[45] Federal courts must apply state statutes of limitations in diversity cases.[46] Generally, a cause of action accrues and the statute of limitations begins to run "when facts come into existence that authorize a party to seek a judicial remedy . . . regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur."[47] Importantly in this case, an insured's cause of action "accrues the moment an insurer should pay a claim but fails to do so" because "[a]t that moment, the insurer's wrongful conduct first causes harm to the insured."[48]

In Texas, a claim for a breach of an insurance contract action accrues, and limitations start to run, on the date when coverage is denied.[49] Furthermore, under Texas law, a plaintiff's cause of action for bad-faith breach of a first-party insurance contract and violations of the Texas Insurance Code, Deceptive Trade Practices and Consumer Protection Act, and duty of good faith and fair dealing accrue on the date the insurer denies the insured's claim.[50] The limitations period begins to run even though damage may continue to occur after the denial.[51] If there is no outright denial of a claim, the exact date of accrual of a cause of action may be a question of fact to be

---

[45] *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex. 1990).

[46] *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 n.3 (5th Cir. 1989).

[47] *Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003)(citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998); *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)).

[48] *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990)(citing S. Ashley, *Bad Faith Liability: A State-By-State Review* §4.05(1987)).

[49] *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 373 (5th Cir. 2011) (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 827-28 (Tex. 1990)).

[50] *Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003)(citing *Celtic Life Ins. Co. v. Coats*, 885 S.W.2d 96, 100 (Tex. 1994); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990)).

[51] *Id.*

determined on a case-by-case basis.[52] However, the determination is only a fact issue if there is ambiguity surrounding the insurer's actions, such as stringing an insured along without denying or paying a claim.[53] There is no issue of fact if there is an unambiguous event by the insurance company indicating no further action will be taken on the claim, such as a writing conveying the final determination with respect to the damage or the closing of a claim file.[54]

In cases such as the one at hand, where the insurer paid the claim and closed the case file, the United States Court of Appeals for the Fifth Circuit has found that the cause of action begins to accrue, at the latest, upon the issuance of a final letter and the closing of the claims file.[55] Any request by the plaintiff to reopen the claim does not toll or extend the limitations period following the claims decision.[56] Even if the insurance company is willing to review additional information, if it does not change its position on the claims, the limitations period is not tolled or extended.[57]

Allstate argues that the cause of action accrued on the date it mailed the coverage-payment position letter, April 10, 2012,[58] or in the alternative, on the day it closed the claim, May 1, 2012.[59] By May 1, 2012, Plaintiff made the final repairs, Allstate made the final payment, and the claims file was closed.[60] Allstate further contends that any engagement it had with Correct Claims did not restart the limitations period, especially since Allstate did not

---

[52] *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 n.2 (Tex. 1990).
[53] *Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 222 (Tex. 2003)(referencing the situation in *Kuzniar v. State Farm Lloyds*, 52 S.W.3d 759, 761 (Tex.App. — San Antonio 2001, pet. denied)).
[54] *Id.* (also referencing *Mangine v. State Farm Lloyds*, 73 S.W.3d 467, 468 (Tex.App. — Dallas 2002, pet. denied)).
[55] *Castillo v. State Farm Lloyds*, 210 Fed.Appx. 390, 394 (5th Cir. 2006).
[56] *Id.*
[57] *Id. See also Watson v. Allstate Texas Lloyd's*, 224 Fed.Appx. 335, 340 (5th Cir. 2007)(finding that the reinstatement of a claim does not restart the limitations period for a breach of contract claim).
[58] Motion at ¶16.
[59] Motion at ¶16.
[60] *Id.*

modify or act contrary to its original position.[61] Allstate additionally argues that it "concluded from the silence of Plaintiff's public adjuster that its insured had ultimately declined to pursue the supplemental claim further and again closed the re-opened claim, standing by its original decision . . . ."[62]

On May 1, 2012, Plaintiff was unambiguously aware that Allstate believed the matter to be resolved and had no intentions of making further payments. If the claim was undervalued, at the very latest, the injury to Plaintiff began at that time. The Fifth Circuit and Texas Supreme Court have made it exceedingly clear that later efforts to reopen the claim have no effect on the statute of limitations, even though Allstate agreed to review additional information, which Plaintiff failed to submit. Since Allstate never changed its position on the claim, the causes of action for Plaintiff's causes of action began to accrue on May 1, 2012.

### b. Breach of Contract Claim- Time Barred?

Allstate argues that "Plaintiff's breach of contract and contract-based statutory remedies are subject to the policy limitations period of two years and one day from accrual."[63] In Texas, the limitations period for a breach of an insurance contract is generally four years from the day the cause of action accrues,[64] unless parties contract for a different limitations period.[65] Here, Allstate argues that the parties contracted for a different limitations period. However, Allstate fails to attach the policy with Plaintiff to its motion and there is no policy on record with the

---

[61] *Id.* at ¶17.

[62] *Id.*

[63] Motion at ¶7.

[64] Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West); *see also Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 373 (5th Cir. 2011); *Stine v. Stewart,* 80 S.W.3d 586, 592 (Tex.2002).

[65] *Compare Watson v. Allstate Texas Lloyd's*, 224 Fed.Appx. at 339 (enforcing policy limitation of two years and one day) with *Spicewood Summit Office Condominiums Ass'n, Inc. v. Am. First Lloyd's Ins. Co.*, 287 S.W.3d 461, 466 (Tex. App. 2009) (declining to enforce policy limitation provision with has "practical effect of providing a period in which to file suit that is less than two years" and finding that a four year statute of limitations governed plaintiff's breach of contact  claim).  *See also* Tex. Civ. Prac. & Rem. Code Ann. § 16.070(a) (West) ("A stipulation, contract, or agreement that establishes a limitations period that is shorter than two years is void in this state.").

Court. Furthermore, none of Allstate's summary judgment evidence sets out the policy provision at issue. Thus, the Court cannot determine if the policy did indeed require Plaintiff to assert his breach of contract claims within two years and one day, as Allstate asserts. Allstate, as the moving party, bears the initial burden of showing the absence of a genuine issue of material fact.[66] Furthermore, a defendant like Allstate, who moves for summary judgment based on the affirmative defense of the expiration of the statute of limitations, assumes the burden of showing that the suit is barred as a matter of law.[67]

Rather than citing directly to policy language to establish explicitly the policy limitations, Allstate spends considerable energy briefing the Court on the applicable laws regarding insurance policy based limitations periods and the determination of the date of accrual of a cause of action.[68] Allstate fails to sufficiently show the absence of a genuine issue of material fact because it fails to proffer and identify the limitations provision of the policy. Accordingly, the Court cannot find that anything other than the default four years statute of limitations period applies to Plaintiff's claims.

Plaintiff's cause of action accrued at the latest on May 1, 2012, when Allstate closed the case. Since Allstate never changed its position on the claim, the statute of limitations for the breach of contract cause of action generally expires in four years, on May 2, 2016. The instant lawsuit was filed on November 21, 2014, before the expiration of the generally applicable limitations period. Thus, Allstate has failed to establish that Plaintiff's claim is barred by the

---

[66] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.").
[67] *See Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983).
[68] Motion at ¶¶ 8-15.

statute of limitations. Accordingly, Allstate's motion for summary judgment on plaintiffs' breach of contract claim is **DENIED**.

### c. *Extra-Contractual Claims - Time Barred?*

Allstate also argues that "Plaintiff's extra-contractual claims are subject to a statutory limitations period of two years."[69] The extra-contractual claims asserted by Plaintiff are: violations of Section 541 of the Texas Insurance Code for unfair settlement practices, violations of Section 542 of the Texas Insurance Code for failure to provide prompt payment of claims, breach of the duty of good faith and fair dealing, and common law fraud.[70]

### i. *Texas Insurance Code Claims*

A claim arising under Section 541 of the Texas Insurance Code must be brought within two years.[71] Unlike Section 541, Section 542 of the Texas Insurance Code does not have a similar limitations provision.[72] There is some disagreement among our sister courts as to whether the "statute of limitations period for prompt payment claims is two or four years."[73] In *Rx.com, Inc. v. Hartford Fire Ins. Co.*, United States District Court for Southern District of Texas explained that because the prompt payment of claims statute, formerly Article 21.55, lacked an explicit limitations period, "the legislature's silence with respect to Article 21.55's limitations period is significant."[74] The *Rx.com, Inc.* court further stressed: "If the legislature intended to shorten the limitations period . . . it could have done so. Instead, the legislature added a provision

---

[69] Motion at ¶7.
[70] *See* Petition.
[71] TEX. INS. CODE §541.162(a).
[72] *See* Tex. Ins. Code Ann. § 542.051- 61 (West).
[73] *Hendrix v. Hartford Life Ins. Co.*, No. 3:12-CV-2643-M, 2013 WL 979285, at *2 (N.D. Tex. Mar. 13, 2013) (comparing *Compare Ericsson, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 3:05–CV–0816–K, 2006 WL 770424, at *2 (N.D.Tex. Mar. 27, 2006) (two-year limitations period), *with Rx.com, Inc. v. Hartford Fire Ins. Co.*, 426 F.Supp.2d 546, 563–64 (S.D.Tex.2006) (four-year limitations period)).
[74] 426 F.Supp.2d 546, 564. While this opinion analyzes Article 21.55 of the Texas Insurance Code, this statute was repealed in 2005 and the current version of the law is codified as Section 542 of the Texas Insurance Code.

mandating that Article 21.55 be construed liberally."[75] Thus, the *Rx.com, Inc.* court determined that the "default four-year statute of limitations for contract claims should apply."[76]

The current prompt payment statute, Section 542, contains a similar provision mandating liberal construction: "This subchapter shall be liberally construed to promote the prompt payment of insurance claims."[77]  Thus, this Court is persuaded by the rationale of the *Rx.com, Inc.* court,[78] and believes that in the absence of a contract based limitations period, the Court must apply the four year residual period to Section 542 claims.[79]

Because Plaintiff did not did not file suit within two years of the May 1, 2012 denial, his extra-contractual claim for violation of Section 541 of the Texas Insurance Code is time barred. Accordingly, the Court **GRANTS** summary judgment in Allstate's favor on Plaintiff's section 541 claim. As for the Section 542 claim, Allstate fails to proffer the policy to substantiate its argument that Plaintiff's contractual based statutory remedies are subject to the policy limitation period of two years and one day.[80] Thus, in absence of evidence of a contractual based limitation, the four year statute of limitation for contract claims applies to Plaintiff's claim for violations of Section 542 of the Texas Insurance Code. The statute of limitations for the Section 542 claim expires in four years, on May 2, 2016. The instant lawsuit was filed on November 21, 2014, before the expiration of the limitations period. Thus, Plaintiff's prompt payment claim is not time barred by the statute of limitations. Accordingly, the Court **DENIES** summary judgment in Allstate's favor on Plaintiff's Section 542 claim.

---

[75] *Id.*
[76] *Id.* (referring to Tex. Civ. Prac. & Rem.Code § 16.004).
[77] Tex. Ins. Code Ann. § 542.054 (West).
[78] *Rx.com, Inc. v. Hartford Fire Ins. Co.,* 426 F.Supp.2d 546, 563–64 (S.D.Tex.2006).
[79] Tex. Civ. Prac. & Rem. Code Ann. § 16.051 ("Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues.").
[80] Motion at ¶7.

      *ii.* *Breach of the Duty of Good Faith and Fair Dealing & Common Law Fraud Claims*

There is a two year statute of limitations governing claims for the breach of the duty of good faith and fair dealing.[81] "The Texas Supreme Court has held that a plaintiff's cause of action alleging breach of the duty of good faith and fair dealing for denial of coverage under a first-party insurance contract accrues on the date the plaintiff's claim is denied."[82] In Texas, the statute of limitations for common law fraud is four years.[83] The statute of limitations for fraud begins to run "when the claimant knew or could have discovered the fraud by the exercise of reasonable diligence."[84]

Plaintiff's breach of the duty of good faith and fair dealing claim is time barred because he did not file suit within two years of the May 1, 2012 denial. Accordingly, the Court **GRANTS** summary judgment in Allstate's favor. In the absence of evidence of a contractual based limitation, the four year statute of limitation applies to Plaintiff's claim for common law fraud. Plaintiff's cause of action for fraud began to accrue on May 1, 2012, when Allstate denied his claim. At that time, Plaintiff knew or could have discovered Allstate's alleged misrepresentation. Thus, the common law fraud claim expires in four years, on May 2, 2016. The lawsuit was filed on November 21, 2014, before the expiration of the limitations period. Plaintiff's claim for common law fraud is not time barred by the statute of limitations. Thus, the Court **DENIES** summary judgment in Allstate's favor on Plaintiff's common law fraud claim.

---

[81] *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).

[82] *Wetsel v. State Farm Lloyds Ins. Co., No.* CIV.A.3:02-CV-0510-D, 2002 WL 1592665, at *2 (N.D. Tex. July 18, 2002) (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 829 (Tex. 1990)).

[83] Tex. Civ. Prac. & Rem. Code Ann. § 16.004 (a)(4)(West); *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 216 (Tex. 2011).

[84] *Samson Lone Star, Ltd. P'ship v. Hooks*, 389 S.W.3d 409, 429 (Tex. App. 2012) *aff'd in part, rev'd in part sub nom. Hooks v. Samson Lone Star, Ltd. P'ship*, 457 S.W.3d 52 (Tex. 2015) (citing *Little v. Smith*, 943 S.W.2d 414, 420 (Tex. 1997)).

IV.     **Conclusion**

For the reasons previously stated, the Court **DENIES** Allstate's motion for summary judgment as to Plaintiff's claims for breach of contract, violations of Section 542 of the Texas Insurance Code, and common law fraud. The Court **GRANTS** summary judgment in Allstate's favor on the Section 541 of the Texas Insurance Code and breach of the duty of good faith and fair dealing claims, as they are time barred.

Allstate must present to the Court a summary judgment motion that properly supports an assertion of fact. When a party fails to do so, the Court may, under Rule 56(e), give the party an "opportunity to properly support or address the fact."[85] Thus, The Court will give Allstate a second chance to do so. Should Allstate still wish to pursue summary judgment, it is **ORDERED** to file with the Court within 30 days an amended motion explaining, with specific references to the policy, how the evidence therein fails to create genuine fact issues on essential elements of Plaintiff's remaining claims. Should Allstate fail to do so, the case will proceed to trial. The final pretrial conference is scheduled for **June 13, 2016 at 9:00 a.m.**

IT IS SO ORDERED.

DONE at McAllen, Texas, this 30th day of March, 2016.

_____

Micaela Alvarez
United States District Judge

---

[85] Fed. R. Civ. P. 56(e)(1).

13 / 13